## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JARQUEZ GREEN,

     Plaintiff,

-vs-

Case No.

EQUIFAX INFORMATION SERVICES
LLC and GTE FEDERAL CREDIT
UNION d/b/a GTE FINANCIAL,

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Jarquez Green (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, Equifax Information Services LLC (hereinafter "Equifax"); and GTE Federal Credit Union d/b/a GTE Financial (hereinafter "GTE") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1.  This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.  Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC

1

(hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like Equifax, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.      Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

2

7.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.      Venue is proper in this District as Plaintiff is a natural person and resident of Pinellas County in the State of Florida; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309 and is authorized to conduct business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     GTE is a corporation headquartered at 711 East Henderson Avenue, Tampa, Florida 33602.

14.     GTE is a "furnisher of information" as that term is used in 15 U.S.C §
1681s-2.

15.     GTE furnished information about Plaintiff to Equifax that was
inaccurate.

## FACTUAL ALLEGATIONS

16.     Plaintiff had an auto loan with GTE, partial account number ending
in *0420 (hereinafter "GTE Account").

17.     Plaintiff kept up with the terms of the GTE Account and always made
payments on time.

18.     Plaintiff regularly monitors his credit file and makes a consistent effort
to maintain good standings on his accounts.

19.     On or about April 12, 2025, Plaintiff's vehicle was involved in an
accident and needed to be towed.

20.     Plaintiff subsequently filed a total loss claim with his insurance
company, Bristol West.

21.     While the claim was being processed, GTE picked up the vehicle from
the tow yard on or about May 8, 2025.  The account was up-to-date and there were
no outstanding payments.

22.     GTE subsequently placed an involuntary repossession indicator on the
GTE Account, effectively damaging Plaintiff's credit score.

4

23.　　Startled and confused because he knew he was current on the GTE Account, Plaintiff contacted GTE for clarification and was informed that the indicator was a placeholder designation and that his credit file would not be impacted. Plaintiff was informed that the indicator would be removed within 30 days.  GTE and Equifax were aware that all payments had been made on time.

24.　　GTE continued with its errors and spoke to client on May 12th , May 16th, and June 2, 2025.  During each conversation, GTE informed Plaintiff that he did not need to make a payment since the "involuntary repossession" was incorrect on his GTE file.  Upon information and belief, only Equifax reported the erroneous repossession and late payments from GTE.   Trans Union and Experian were aware Plaintiff made all his payments on time and did not report erroneously.

25.　　Plaintiff continued to communicate with GTE about making the payments and correcting GTE's reporting error to Equifax.   GTE represented that his credit would not be affected. Despite GTE's statements, Plaintiff's credit was significantly reduced.

26.　　Despite Plaintiff's several efforts to keep the GTE Account in good standing, GTE continued to report involuntary repossession and began reporting late payment.

27.　　On or about June 25, 2025, Plaintiff received a letter from GTE advising that GTE was no longer the lien holder on the auto loan and that it had been fully

satisfied. Further, Plaintiff was informed that GTE had updated the credit bureaus to remove the repossession and late indicators on or about June 13, 2025.

28.    Despite the GTE letter to Plaintiff, GTE continued to report the repossession and the late payments.

29.    On or about July 18, 2025, Plaintiff submitted a dispute online to Equifax advising that the delinquent status of the GTE Account was inaccurate and explaining the error.

30.    On or about July 26, 2025, Plaintiff received dispute results from Equifax advising that the status of the GTE Account was verified as accurate.

31.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

32.    Equifax never attempted to contact Plaintiff during the alleged investigation.

33.    Upon information and belief, Equifax notified GTE of Plaintiff's dispute. However, GTE failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.  If GTE would had simply listened to the recordings or looked at the account notes, it could have figured out it was mishandling the reporting.

34.     On or about July 28, 2025, Plaintiff obtained an updated copy of his Equifax credit report and observed that the GTE Account continued to be reported with an involuntary repossession indicator and a status of 30-59 days past due.

35.     On or about August 1, 2025, Plaintiff filed a complaint against GTE with the Consumer Financial Protection Bureau (CFPB), confirmation ID #250801-22842451.

36.     Due to the continued inaccurate reporting, on or about August 13, 2025, Plaintiff mailed a detailed dispute letter to Equifax advising that the status of the GTE Account was inaccurate. Plaintiff explained why the status was misleading and that it should be corrected. To confirm his identity, Plaintiff included images of his driver's license and social security card. Plaintiff also included images of the erroneous reporting, his filed CFPB complaint, and correspondence from GTE.

37.     Plaintiff mailed his detailed dispute letter to Equifax via USPS Certified Mail (9589 0710 5270 2629 2524 54).

38.     Despite confirmation of delivery on August 16, 2025, Plaintiff did not receive dispute results or a copy of his credit report from Equifax.  Equifax's credit score for Plaintiff was over 80 points lower than the other two CRAs because of the misreporting of the GTE account.

39.     Plaintiff was in need of a vehicle, and he purchased a car in early September despite the erroneous reporting on his Equifax by GTE.

40.    On or about September 29, 2025, Plaintiff obtained a copy of his Equifax credit report and observed that the involuntary repossession and late payment indicators had been removed, and the GTE Account was now reporting as paid as agreed and closed.

41.    Plaintiff suffered throughout the reporting of the inaccuracies with Equifax's reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

42.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Loss of ability to obtain a new vehicle. The inaccurate reporting caused Plaintiff to appear as an untrustworthy borrower and in turn he was forced to go months without a vehicle;

    ii.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, wasted time, and lost wages due to missing work in attempts to cure the reporting errors;

    iii.    Loss of time attempting to cure the errors;

    iv.    Mental anguish, added stress, aggravation, embarrassment, emotional distress, sleepless nights, headaches, fluctuations in

8

weight, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions; and

v.   Apprehensiveness to apply for new credit due to the fear of rejection.

vi.   Plaintiff purchased a vehicle with less favorable terms because of the Defendant's errors.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

43.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

44.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

45.   Equifax allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

46.   Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

9

47.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

48.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

49.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

50.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

51.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Jarquez Green, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

10

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

52.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

53.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

54.    Equifax allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

55.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

56.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

57.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

58.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress;

and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

59.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

60.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Jarquez Green, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

61.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

62.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

63.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

64.     Plaintiff provided Equifax with the information it needed to confirm that the account status was inaccurate. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

65.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish,

humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

66.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

67.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Jarquez Green, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

68.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

69.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable

14

procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

70.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

71.    Plaintiff provided Equifax with the information it needed to confirm that the account status was inaccurate. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

72.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

73.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

74.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Jarquez Green, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, GTE Federal Credit Union (Negligent)

75.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

76.    GTE furnished inaccurate account information to Equifax and through Equifax to all of Plaintiff's potential lenders.

77.    After receiving Plaintiff's disputes, GTE violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to

16

accurately respond to Equifax; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

78.     Plaintiff provided all the relevant information and documents necessary for GTE to have identified that the account was erroneous.

79.     GTE did not have any reasonable basis to believe that Plaintiff was responsible for the account status reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to GTE by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

80.     GTE violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

81.     As a direct result of this conduct, action, and/or inaction of GTE, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish,

humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

82.    The conduct, action, and inaction of GTE was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

83.    Plaintiff is entitled to recover costs and attorney's fees from GTE in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, Jarquez Green, respectfully requests that this Court award actual damages against Defendant, GTE Federal Credit Union; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## **COUNT VIII**
### **Violation of 15 U.S.C. § 1681 s-2(b) as to Defendant, GTE Federal Credit Union (Willful)**

84.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

85.    GTE furnished inaccurate account information to Equifax and through Equifax to all of Plaintiff's potential lenders.

86.    After receiving Plaintiff's disputes, GTE violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous

18

account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Equifax; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

87.    Plaintiff provided all the relevant information and documents necessary for GTE to have identified that the account was erroneous.

88.    GTE did not have any reasonable basis to believe that Plaintiff was responsible for the account status reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to GTE by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

89.    GTE violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

90.    As a direct result of this conduct, action, and/or inaction of GTE, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional

distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

91.    The conduct, action, and inaction of GTE was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

92.    Plaintiff is entitled to recover costs and attorney's fees from GTE in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, Jarquez Green, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, GTE Federal Credit Union; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jarquez Green, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against

Defendants, Equifax Information Services LLC; and GTE Federal Credit Union, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 21st day of October, 2025.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

**/s/Frank H. Kerney, Esq.**
Frank H. Kerney, III, Esq.
Florida Bar #:88672
Tennessee Bar #: 035859
The Consumer Lawyers PLLC
501 E. Kennedy Blvd., Ste 610
Tampa, FL 33602
Cell: (813)951-8278
Facsimile: (844)951-3933
Primary Email:
Frank@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com

*Attorneys for Plaintiff*